JOHN ATWELL, executor, plaintiff in error, vs. ANN E. HOLLIMAN, defendant in error.

The executor sold the lands of the testator subject to the widow's right of dower. The widow and another person became the purchasers at the sale, but had not complied with the terms of the sale, and no title had been made by the executor : *Held,* that the executor had such interest in the land as entitled him to traverse the return of the commissioners, under section 3974 of the Code.

Dower. Decided by Judge HARRELL. Quitman Superior Court. November Term, 1869.

In 1863, Lewis E. Holliman died testate, seized and possessed of a plantation in said county, containing seven hundred and twenty-nine acres. Ann E. Holliman was his widow, and John Atwell his executor. The widow petitioned for assignment of her dower, and the commissioners appointed to lay off the same, made their return to said term of said Court, by which they had assigned her certain one hundred and twenty-six acres of said land, including the dwelling, etc. This return was dated the 28th of April, 1868. When she sought to have the return made the judgment of the Court, Atwell objected, upon the grounds that said dower was so laid off as to take all of the timbered land, which was only ninety acres, and leave no timber for keeping up the remainder; that the dower so assigned was worth more than the other land by $250 00, and more than one-third of the plantation by $500 00, without regard to the improvements; that it was laid off without regard to shape or valuation; and lastly, that the commissioners were not sworn, as required by the statute, when they acted. After the parties were at issue, and before the jury, the widow's attorney moved to dismiss said objection, upon the ground that Atwell had no such interest in the land as allowed him to object to the assignment. To prove this, they showed that on the first Tuesday in January, Atwell offered said lands at executor's sale, subject to dower; that one Varner bid off one hundred acres of it, and the widow bid off the balance, but neither of hem had complied with the terms of the sale, neither had

paid him anything on said purchases, and he had made no deed to either. During the examination of the witnesses, it appeared that there had been a previous assignment, and that, on complaint against it, this last effort was made to settle the dispute. When the first was made, by whom, and what it was, do not appear, except that it was before January, 1868. It was shown that the commissioners who acted and made the assignment, dated in April, 1868, were not sworn as required by the statute. The Judge held that Atwell could not object, dismissed his objection, and made the return the judgment of the Court.

Atwell's attorneys say all this was error.

B. S. WORRILL, for plaintiff in error.

H. FIELDER, for defendant.

BROWN, C. J.

This case turns upon a single point. Had the executor such interest in the lands of the testator as to entitle him to traverse the return made by the commissioners? Under section 3974 of the Code, when the return of the commissioners laying off dower is made, it shall be the right of every person interested to enter a traverse in writing, plainly stating the grounds upon which it is made, etc. The evidence shows that the executor had exposed the lands, out of which the dower was laid off, to sale, and that it was purchased at the sale by the widow and Early Varner, subject to the widow's dower, but that neither of them had complied with the terms of the sale, nor had they paid him anything for the land, and he had made a deed to neither. We do not pretend to say what may or may not be the equitable rights of these purchasers. But we think it very clear under this state of facts, that the legal title was still in the executor. And while he retained the legal title to the land he had a right to traverse the return of the commissioners. The Court below held, that the executor had no such interest as authorized him

to make the traverse.   We determine nothing as to the merits
of this controversy, but we think the judgment of the Court
below, on this point, should be reversed and the case rein-
stated.